WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Daniel Saul Coven,                )
                                  )
                Plaintiff,        )     No. CIV-07-1831-PHX-RCB
                                  )
        vs.                       )          O R D E R
                                  )
United States Office of           )
Personnel Management,             )
                                  )
                Defendant.        )
_____ )

Four motions are currently pending before the court: (1) plaintiff *pro se* Daniel Saul Coven's motion for partial summary judgment (doc. 13); (2) plaintiff's motion to compel discovery (doc. 23); (3) plaintiff's motion for a preliminary injunction (doc. 31); and (4) plaintiff's motion for a stay (doc. 53).  All four of these motions are readily disposable - the first two because they have been withdrawn; the third because plaintiff has not met his burden of proof and the fourth because it is unopposed.

**I.  *Withdrawn Motions***

As just noted, plaintiff filed a motion for partial summary judgment and a motion to compel discovery.  In replying to each of

1  those motions, however, plaintiff expressly withdrew them.  As to

2  the motion for partial summary judgment, plaintiff sought

3  "withdrawal . . . without prejudice." Reply (doc. 47) at 1.  As to

4  the motion to compel, in his Reply, plaintiff simply "withdr[e]w

5  th[at] motion."  Reply (doc. 48) at 1.  In light of these

6  withdrawals, the court DENIES as moot plaintiff's motions for

7  partial summary judgment and to compel discovery.

8  ***II.  Preliminary Injunction Motion***

9      On June 5, 2008, the court stayed the present action pending

10 notification from the defendant, the United States Office of

11 Personnel Management ("OPM"), as to "whether or not plaintiff has

12 exhausted his administrative remedies."  Doc. 24 at 1:22-23.  The

13 court granted OPM 90 days in which to provide such notification.

14     While that stay was still in effect, plaintiff filed a motion

15 for a preliminary injunction (doc. 31), seeking to compel OPM's

16 compliance with a January 3, 2008, FOIA request.  OPM's response is

17 two-fold.  First, denial is mandated because plaintiff is "seeking

18 to compel compliance with a FOIA request that is *not* the subject of

19 this litigation."  Resp. (doc. 32) at 1 (emphasis added).  More

20 specifically, the FOIA request which is the subject of this action,

21 as specified in plaintiff's complaint filed on September 25, 2007,

22 is for "electronic files that detail the current employment

23 announcement of vacancies as listed on [OPM's] usajobs.gov and

24 studentjobs.gov websites." Co. (doc. 1) at 3:20-22.  As just noted,

25 however, the preliminary injunction pertains to a FOIA request made

26 after the commencement of this action.  Further, it differs from

27 the FOIA request which is the subject of this action in that it

28 seeks "copies of the data feed that are being provided to the

1  Google Base service[,]" not the electronic files just described.
2  Mot. (doc. 31) at 213-14.  Second, OPM asserts that the court
3  should deny plaintiff's motion for a preliminary injunction
4  "without prejudice pending the resolution of the stay[]" because
5  this motion violates the court's earlier stay order.  Resp. (doc.
6  32) at 2:9.

7       On September 9, 2009, OPM timely notified the court and
8  plaintiff of its "belie[f] [that] Plaintiff ha[d] exhausted his
9  administrative remedies sufficiently to proceed with briefing the
10 remaining issues in this case."  See Status Rep. (doc. 36) at 1.
11 This notification lifted the court's prior stay order, and
12 correspondingly renders moot OPM's argument that plaintiff's
13 preliminary injunction motion should be denied because it violates
14 that order.

15      Nonetheless, the court finds that plaintiff is not entitled to
16 a preliminary injunction.  In the first place, as set forth above,
17 he is seeking an injunction for a FOIA request which is not the
18 subject of this litigation.  Moreover, in order to obtain a
19 preliminary injunction in the Ninth Circuit the "moving party must
20 show either (1) a combination of probable success on the merits and
21 the possibility of irreparable harm, or (2) that serious questions
22 going to the merits are raised, and the balance of hardships tips
23 sharply in favor of the moving party."  Mattel, Inc. v. Greiner and
24 Hausser GmbH, 354 F.3d 857, 869 (9th Cir. 2003) (citation omitted).
25 Plaintiff did not identify upon which standard he is basing his
26 motion, must less explain how he has met that standard.  For both
27 of these reasons, the court DENIES plaintiff's motion for a
28 preliminary injunction (doc. 31).

- 3 -

*III.   Stay Motion*

On October 2, 2008, OPM filed a motion for summary judgment (doc. 38).  Plaintiff responded and cross-moved for summary judgment (doc. 44).  Two days after OPM filed its response to that cross-motion, on December 17, 2008, plaintiff filed a motion to stay (doc. 53).  He seeks a stay "to request another administrative review by OPM's General Counsel on the matter of FOIA processing fees."  Mot. (doc. 53) at 1.  In addition, plaintiff is seeking an extension of time in which to file his reply in connection with his cross-motion for summary judgment.  In particular, plaintiff requests that he have "until 30 days after [OPM's] General Counsel responds and serves their response on the administrative review[]" in which to file and serve his reply.  Id. at 3:708.

On January 5, 2009, OPM filed a "Response (Non-Opposition) to Motion to Stay[.]" Doc. 54 at 1.  OPM "does not oppose [this] [m]otion to [s]tay . . . including extending [plaintiff's] Reply to OPM's Response to Plaintiff's Cross-Motion for Summary Judgment until 30 days after the Office of General Counsel decides his appeal regarding the fee estimate." Id.  Primarily because OPM does not oppose this stay, but also because a stay would be in the interests of justice, the court hereby GRANTS plaintiff's motion for a stay (doc. 53), including his request for an extension of time in which to file his reply, as specified above.

In light of the foregoing, IT IS ORDERED that:

(1) plaintiff's motion for partial summary judgment (doc. 13) is DENIED without prejudice;

(2) plaintiff's motion to compel discovery (doc. 23) is DENIED;

1        (3) plaintiff's motion for a preliminary injunction (doc. 31)

2    is DENIED; and

3        (4) plaintiff's motion for a stay (doc. 53) is GRANTED

4    including extending plaintiff's time to file and serve his reply to

5    OPM's response to his cross-motion for summary judgment until 30

6    days after the OPM's Office of General Counsel decides plaintiff's

7    appeal regarding the fee estimate.

8        DATED this 12th day of January, 2009.

9

10

11   _____

12   Robert C. Broomfield
     Senior United States District Judge

13

14   Copies to counsel of record and plaintiff *pro se*

15

16

17

18

19

20

21

22

23

24

25

26

27

28