**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Daniel Saul Coven, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-CIV-01831-PHX-RCB |
| | ) | |
| vs. | ) | O R D E R |
| | ) | |
| United States Office of Personnel Management | ) | |
| | ) | |
| Defendant. | ) | |

Currently pending before the court is a motion for attorney's fees and costs by plaintiff *pro se* Daniel Saul Coven (doc. # 65). Bluntly (and accurately) stating that "[p]laintiff has not carried his burden to establish the amount and basis for awarding anything[,]" defendant, the United States Office of Personnel Management ("OPM"), opposes this motion. Resp. (doc. # 67) at 1:20-21. For the reasons set forth herein, the court denies plaintiff's motion in its entirety.

### ***Background***

In Coven v. U.S. Office of Personnel Management, 2009 WL 3174423 (D.Ariz. Sept. 29, 2009) ("Coven I"), familiarity with

which is assumed, the court, *inter alia*, denied plaintiff's motion for attorney's fees. Id. at *19 – *20. In denying such relief, the court explained that "as a *pro se* litigant," plaintiff was not entitled to recover attorney's fees under 5 U.S.C. § 552(a)(4). Id. at *19 (citations omitted). Recognizing that plaintiff's *pro se* status did not preclude an award of costs under that statute, the court, nonetheless, denied that claim without prejudice to renew. The court reasoned that an award of costs would be "premature" because no judgment had been entered at that time. Id. at *20.

After entry of judgment, plaintiff Coven filed the pending motion seeking an "award [of] costs *and fees* or alternatively [an] award [of] partial costs." Pl. Mot. (doc. # 65) at 1 (emphasis added). Plaintiff is relying upon a 2007 amendment to FOIA, allowing for recovery of "reasonable attorney fees and other litigation costs . . . if the complainant has obtained relief through . . . – a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii)(II) (West Supp. 2009). Plaintiff asserts that because OPM denied his original request for job vacancy information, and OPM "effectively upheld that decision" by "claim[ing] exemption 2[1] in their Answer . . . , [his] claim was not insubstantial." Pl. Mot. (doc. #65) at 1:24-2:2 (citation omitted) (footnote added). Plaintiff realizes that § 552(a)(4)(E)(ii)(II) did not become effective until December 31, 2007, and so he is limiting his request for fees and costs to those

---

[1] FOIA exemption two protects from disclosure "matters that are – related solely to the internal personnel rules and practices of an agency[.]" 5 U.S.C. § 552(b)(2) (West 2007).

incurred after the effective date of that amendment.  See id. at 2:4-8.

OPM opposes this motion on three grounds.  First, it argues that plaintiff is not eligible for an award of fees or costs because he did not "substantially prevail" under the amended or pre-amendment version of 5 U.S.C. § 552(a)(4)(E)(ii).  Second, OPM contends that plaintiff cannot rely upon the amended version of that statute because it cannot be applied retroactively.  Third, even if plaintiff is "eligible" to recover his costs under the amended statute, OPM asserts that he is not entitled to such an award because the four factors which a court must assess to determine entitlement all weigh in favor of denying costs.  Thus, OPM argues that the court must deny this motion.

### *Discussion*

At the outset, the court observes that "[a]ttorney fee [and cost] issues are ancillary to the underlying action and hence survive independently under the court's equitable jurisdiction." Crews v. Internal Revenue, 2000 WL 900800, at *6 (C.D.Cal. April 26, 2000) (citing, *inter alia*, Carter v. Veterans Admin., 780 F.2d 1479, 1481 (9th Cir. 1986)).  Moreover, because this court denied plaintiff's motion for costs without prejudice to renew, obviously it retains jurisdiction to consider that motion now, even after entry of judgment.

Turning briefly to his renewed request for attorney's fees, the court adheres to its prior ruling that because plaintiff Coven is *pro se*, he is not entitled to collect such fees under 5 U.S.C. § 552(a)(4).  See Coven I, 2009 WL 3174423, at *19 (citing cases). Accordingly, the court denies plaintiff's motion to the extent he

1  is seeking attorney's fees.

2    Before addressing OPM's opposition to an award of costs
3  herein, there is a glaring deficiency in plaintiff's motion which
4  OPM did not mention.  There is a complete lack of supporting
5  documentation for plaintiff's cost request.  Plaintiff's motion
6  does not include an affidavit or declaration specifying the nature
7  of the litigation costs which he purportedly incurred, and when he
8  incurred those costs.  Without such supporting proof, there is no
9  way to determine whether plaintiff's claimed litigation costs were
10 "reasonably incurred" within the meaning of the relevant statute.
11 Even if plaintiff had provided the necessary supporting
12 documentation, as will be seen, still, he is not entitled to
13 recover his costs.

14    An award of attorney's fees or costs, or both, under the FOIA
15 requires a plaintiff to "demonstrate both eligibility and
16 entitlement to the award."  Or. Natural Desert Ass'n v. Locke, 572
17 F.3d 610, 614 (9th Cir. 2009) (citation omitted).  Eligibility
18 requires a showing that a plaintiff "has 'substantially prevailed'
19 on his claim."  Id. (citation omitted).  Once a court determines
20 that "a plaintiff is eligible for [costs] under the FOIA, the
21 district court has the discretion to determine whether the
22 plaintiff is entitled to fees."  Id. (citation and footnote
23 omitted).  "These are separate considerations governed by their own
24 standards."  Waage v. I.R.S., 656 F.Supp.2d 1235, 1238 (S.D.Cal.
25 2009) (citation omitted).

26    "Prior to its most recent amendments, the FOIA had a basic
27 fee provision: 'The court may assess against the United States
28 reasonable attorney fees and other litigation costs reasonably

incurred in any case under this section in which the complainant has substantially prevailed.'" Or. Natural Desert Ass'n, 572 F.3d at 614 (quoting 5 U.S.C. § 552(a)(4)(E) (prior to amendment)). The 2007 OPEN Government Act made several amendments to the FOIA, including expanding the conditions under which a plaintiff can recover attorney fees and costs pursuant to section 552(a)(4)(E). One of those amendments modified the "substantially prevailed" language, making a plaintiff eligible for such recovery if the agency makes a voluntary or unilateral change in position. See 5 U.S.C. § 552(a)(4)(E)(i)(ii)(II). In reviving that catalyst theory for costs and fee recovery under FOIA,[2] Congress was directly responding to the Supreme Court's decision in Buckhannon and its progeny which had "'eliminated the 'catalyst theory' for attorneys' fees recovery under certain federal civil rights laws[,]'" as well as under FOIA. Or. Natural Desert Ass'n, 572 F.3d at 615 (quoting 153 Cong. Rec. S15701-04 (daily ed. Dec. 14, 2007) (statement of Sen. Leahy, sponsor of the 2007 Amendments)).

The Ninth Circuit in Or. Natural Desert Ass'n, unequivocally held that the "2007 Amendments contain a new waiver of sovereign immunity for recovery of attorney fees [and costs] under the catalyst theory, and they do not explicitly apply that waiver retroactively." Or. Natural Desert Ass'n, 572 F.3d at 617. Heavily relying upon that holding, OPM simply asserts that the "catalyst theory is inapplicable" here. Resp. (doc. # 67) at 2:25.

---

[2] Generally speaking, the catalyst theory "posits that a plaintiff is a 'prevailing party' if it achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't. of Health & Human Res., 532 U.S. 598, 601, 121 S.Ct. 1835, 1838, 149 L.Ed.2d 855 (2001).

1  OPM offers no analysis.  Presumably OPM's theory is that because,
2  as noted earlier, plaintiff filed this action on September 25,
3  2007, prior to the December 31, 2007, effective date of this
4  amendment, he cannot avail himself of the catalyst theory of
5  recovery.  Hence, evidently it is also OPM's position that to
6  establish his eligibility for costs under section 552(a)(4)(E)(i),
7  plaintiff Coven must show that he "substantially prevailed" as the
8  courts interpreted that phrase pre-2007 amendment.

9      There is no need to delve into that retroactivity issue here
10 because even assuming *arguendo* that plaintiff Coven can avail
11 himself of the 2007 amendment, adopting the catalyst theory for fee
12 recovery, he cannot prevail on the merits.  As alluded to earlier,
13 plaintiff is focusing upon whether his claim was "not
14 insubstantial."  See 5 U.S.C. § 552(a)94)(E)(i)(II).  Plaintiff's
15 motion omits any discussion however of the preceding requirement in
16 that statute – "a voluntary or unilateral change in position by the
17 agency [OPM][.]"  See id.  To satisfy that requirement, plaintiff
18 Coven must show that "(1) the filing of the action could reasonably
19 have been regarded as *necessary* to obtain the information; and (2)
20 the filing of the action had a *substantial causative* effect on the
21 delivery of the information."  Church of Scientology of Cal. v.
22 U.S. Postal Service, 700 F.2d 486, 489 (9th Cir. 1983) (emphases in
23 original) (citation omitted).  "Whether a party has shown, in a
24 particular case, that the suit was reasonably necessary and that a
25 causal nexus exists between the action and surrender of information
26 . . . is a factual determination for the district court to
27 resolve."  Id. at 489.  The difficulty here is that plaintiff Coven
28 has not brought any facts whatsoever to the court's attention to

-6-

1 | establish either of those threshold conditions.

2 | Moreover, as the court recognized in Coven I, and Deputy Director of the USAJOBS® program detailed in his previously filed declaration, "due to a change in [its] policy[,] . . . OPM decided to provide all available records requested by Plaintiff." Coven I, 2009 WL 3174423, at *3 (citations and internal quotation marks omitted); see also Harrison Decl'n (doc. #39-2) at 3, ¶ (10), *et seq.*. The foregoing substantially undermines any theory plaintiff might have that the filing of this lawsuit had a substantial causative effect on his ultimate receipt of the requested information. Thus, because plaintiff Coven has not met his burden of showing that he is eligible for costs pursuant to 5 U.S.C. §§ 552(a)(4)(E)(i) and 552(a)(4)(E)(ii)(II), his motion is denied.

Having concluded that plaintiff Coven cannot clear the first hurdle of eligibility for costs under FOIA, the court does not reach the issue of plaintiff's entitlement to such an award. See Sterrett v. Department of the Navy, 2010 WL 330086, at *6 (S.D.Cal. Jan. 20, 2010) (citation omitted) (because "Plaintiff has not shown that she is eligible for an award of attorney's fees and costs pursuant to FOIA[,] . . . the court need not address whether Plaintiff is *entitled* to such an award.")

In sum, for the reasons set forth above, the court DENIES in all respects plaintiff's "Motion for Costs and Fees" (doc. # 65).

DATED this 2nd day of April, 2010.

_____
Robert C. Broomfield
Senior United States District Judge

-7-

Copies to counsel of record and plaintiff *pro se*

- 8 -